**The below described is SIGNED.**

**Dated: December 18, 2013** 

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy No. 12-21670 |
|---|---|
| **MAHROKH AKBARIAN,** | **Chapter 7** |
|  | **Chief Judge William T. Thurman** |
| Debtor. |  |

## MEMORANDUM DECISION

The matter before the Court is the motion of Mahrokh Akbarian (the "Debtor") to dismiss her Chapter 7 bankruptcy case and to dispose of all the adversary proceedings associated with that main case (the "Motion to Dismiss"). The Court conducted a hearing on the Debtor's Motion to Dismiss on October 23, 2013. Paul James Toscano appeared on behalf of the Debtor, Kenneth L. Cannon II and Duane H. Gillman appeared on behalf of Duane H. Gillman, the Chapter 7 Trustee (the "Trustee"), and Michael R. Johnson appeared on behalf of H.A.G.E., LLC ("HAGE"). The Trustee, along with creditors HAGE and Maghsood Abbaszadeh, objected to the Motion to Dismiss. In addition, HAGE and Mr. Abbaszadeh requested that the Court sanction the Debtor for filing the Motion to Dismiss, arguing that it was frivolous and in bad faith.

The Court issued its ruling denying the Debtor's Motion to Dismiss from the bench the same day, making its findings of fact and conclusions of law on the record, and reserving the right to issue a written memorandum decision. In accordance with that oral ruling, the Court now issues the following memorandum decision, which constitutes the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, made applicable to this matter by Federal Rules of Bankruptcy Procedure 9014 and 7052.

## I. JURISDICTION, VENUE, AND NOTICE

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is appropriately laid in this District under 28 U.S.C. § 1409. Notice of the hearing was properly given in all respects.

## II. BACKGROUND AND FINDINGS OF FACT

This case began on February 16, 2012, when the Debtor filed her petition for relief under Chapter 7. The Trustee subsequently filed four adversary proceedings. The first seeks a denial of the Debtor's discharge under 11 U.S.C. § 727.[1] The other three are avoidance actions.[2] HAGE and Mr. Abbaszadeh have also filed an adversary complaint seeking denial of the Debtor's discharge.[3] All of the above adversary proceedings are currently pending before the Court.

On February 28, 2013, the Debtor filed her Motion for Order Converting Her Chapter 7 Case

---

[1] *Gillman v. Akbarian*, Adv. No. 12-2217, filed on May 21, 2012.

[2] *Gillman v. Alrasool Islamic Center*, Adv. No. 13-2021, filed on January 22, 2013; *Gillman v. CityWide Funding*, Adv. No. 13-2177, filed on May 28, 2013; *Gillman v. Mirrafie*, Adv. No. 13-2178, filed on May 28, 2013.

[3] *H.A.G.E., LLC et al. v. Akbarian et al.*, Adv. No. 12-2218, filed on May 21, 2012.

to One Under Chapter 11 (the "Motion to Convert").[4] The Trustee, HAGE, and Mr. Abbaszadeh objected to the Motion to Convert, and the matter was set for trial. The Court conducted a three-day trial on the Motion to Convert, and on August 23, 2013 issued its ruling from the bench denying the Debtor's request to convert her case to one under Chapter 11. On September 20, 2013, the Court entered its Order Denying Debtor's Motion to Convert Case from Chapter 7 to Chapter 11.[5]

On September 19, 2013, the Debtor filed the instant Motion to Dismiss, which not only asks for dismissal of the main bankruptcy case, but also contains a number of other requests for relief. In particular, the Debtor requests that all parties in interest be prevented from filing an involuntary petition against her and that the Court dispose of all adversary proceedings associated with the main bankruptcy case.[6] If the case is dismissed, the Debtor will forego her discharge.[7]

If the Court grants the Motion to Dismiss, the Debtor asserts that her sister, Anahita Akbarian, will pay all undisputed claims on her Amended Schedule F; that Jalal Mirrafie, Sohila Dahaghi, and Mustafa Al Housseini will release their claims that were listed on the Debtor's Schedule F; that the claims of Aurora, Celtic Bank, and Washington Federal Savings Bank will continue to be paid after dismissal, but if a default occurs, the properties securing the claims can be foreclosed upon, with the Debtor liable for any deficiency; that creditors HAGE and Mr. Abbaszadeh

---

[4] Docket No. 48.

[5] Docket No. 183.

[6] Docket No. 181, Debtor's Motion for Order Dismissing Chapter 7 Bankruptcy Case; and Order Disposing of All Associated Adversary Proceedings. At the October 23, 2013 hearing, the Debtor largely abandoned her request that all parties in interest be prevented from filing an involuntary petition against her, and the Court will not address it in this ruling.

[7] Docket No. 192, Debtor's Response to Trustee's Objection and H.A.G.E., LLC's and M. Abbaszadeh's Memorandum in Opposition, ¶¶ 3–4.

will have to litigate their claims in state court; and that the Debtor will proceed with her appeal of the Court's Order Denying Debtor's Motion to Disqualify Durham Jones & Pinegar, PC and Duane H. Gillman as Attorneys for the Chapter 7 Trustee.[8] According to the Debtor, if she is successful in her appeal, she will not be liable for the fees and costs Durham Jones & Pinegar has incurred in this case or on the appeal. If she is not successful, or if the appeal is dismissed or mooted by the dismissal of her Chapter 7 case, the Debtor will agree that the Chapter 7 case may be reopened without a Chapter 7 Trustee for the sole purpose of determining whether she is liable to Durham Jones & Pinegar for fees and costs.[9]

As with the Motion to Convert, the Trustee, HAGE, and Mr. Abbaszadeh filed objections to the Motion to Dismiss. At the hearing on the Motion to Dismiss on October 23, 2013, the Court received, as a proffer of evidence, part of paragraph 1, and all of paragraphs 3, 4, and 5 of the Debtor's Motion to Dismiss. In addition, the Court took judicial notice of the transcript of the Court's ruling on the Debtor's Motion to Convert[10] and the Court's order denying the Debtor's Motion to Convert.[11] Tenth Circuit precedent establishes that "a court may . . . take judicial notice, whether requested or not, of its own records and files, and facts which are part of its public records."[12]

---

[8] *Id*. ¶¶ 1–3, 6–7. The Court entered its order on the Debtor's disqualification motion on August 2, 2013. *See* Docket No. 157.

[9] *Id*. ¶ 7.

[10] Docket No. 193, Transcript of Hearing Held on August 23, 2013.

[11] Docket No. 183, Order Denying Debtor's Motion to Convert Case from Chapter 7 to Chapter 11.

[12] *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (internal citation omitted).

**III.   DISCUSSION**

*A. Dismissal Under 11 U.S.C. § 707(a)*

Section 707(a)[13] does not expressly provide that a debtor may move to dismiss her Chapter 7 case, but courts have interpreted it to give debtors that ability.[14] Section 707(a) provides:

> The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
>
> > (1) unreasonable delay by the debtor that is prejudicial to creditors;
> >
> > (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
> >
> > (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

The Debtor's ability to dismiss the case is not without restrictions, however. Section 707(a) explicitly requires cause to dismiss: "It is well-established that a Chapter 7 debtor does not have a right to dismiss [her] case, but must show 'cause' for dismissal pursuant to 11 U.S.C. § 707(a), and the determination of cause is within the discretion of the bankruptcy court."[15] Although the Bankruptcy Code does not define "cause," the list of what constitutes cause under § 707(a) is not

---

[13] All subsequent statutory references are to title 11 of the United States Code unless otherwise indicated.

[14] *Turpen v. Eide (In re Turpen)*, 244 B.R. 431, 434 (B.A.P. 8th Cir. 2000) (collecting cases).

[15] *Isho v. Loveridge (In re Isho)*, Nos. UT-12-090, 11-30284, 2013 WL 1386208, at *3 (B.A.P. 10th Cir. Apr. 5, 2013) (unpublished opinion) (citations omitted). *See also In re Watkins*, 229 B.R. 907, 908 (Bankr. N.D. Ill. 1999) ("A debtor is not automatically entitled to dismiss [her] voluntary Chapter 7 petition."); *In re Hopper*, 404 B.R. 302, 306 (Bankr. N.D. Ill. 2009) ("A Chapter 7 debtor does not have an absolute statutory right to voluntarily dismiss a Chapter 7 bankruptcy petition like a Chapter 13 debtor has under 11 U.S.C. § 1307(b).").

exclusive.[16] Section 102(3) provides that the word "including" is not limiting, and cases have so held.[17]

While the Debtor must show cause to dismiss her case, some courts have held that the presence of prejudice to creditors can preclude dismissal under § 707(a). For example, the court in *Watkins* held that if "creditors are prejudiced in any respect by dismissal of a voluntarily filed Chapter 7 case, a request by debtor for dismissal should be denied in the absence of demonstrated cause."[18] The court imposed a similar requirement in *In re Haney*, where it stated that a court should deny a debtor's § 707(a) motion to dismiss "if there is any showing of prejudice to creditors."[19]

Other courts have looked to different criteria when examining a Chapter 7 debtor's motion to dismiss. For example, the court in *In re Spatz* held that "primary consideration must be given to whether the interests of creditors would be adequately protected outside of bankruptcy."[20] These considerations can be incorporated into a test that reviews and balances a number of factors to determine whether dismissal is appropriate. As stated by the Tenth Circuit BAP in *Isho*, the following factors are relevant to a debtor's motion to dismiss under § 707(a):

---

[16] *Watkins*, 229 B.R. at 908 ("Grounds for dismissal given in § 707 are merely illustrative, and any grounds constituting good 'cause' may justify dismissal.").

[17] *See Shangraw v. Etcheverry (In re Etcheverry)*, 242 B.R. 503, 505 (D. Colo. 1999) ("The instances of 'cause' set forth in Section 707(a) are merely illustrative and are not an exhaustive listing.").

[18] *Watkins*, 229 B.R. at 909.

[19] *In re Haney*, 241 B.R. 430, 432 (Bankr. E.D. Ark. 1999) (citing *In re Leach*, 130 B.R. 855 (B.A.P. 9th Cir. 1991)). *Accord In re Klein*, 39 B.R. 530, 532 (Bankr. E.D.N.Y. 1984).

[20] *Kirby v. Spatz (In re Spatz)*, 221 B.R. 992, 994 (Bankr. M.D. Fla. 1998) (citing *In re Komyathy*, 142 B.R. 755, 757 (Bankr. E.D. Va. 1992)).

> [T]he best interests of both debtor and creditors; trustee's consent or objection; potential to delay creditor payments; good or bad faith in seeking dismissal; and the possibility of payment priority becoming reordered outside of bankruptcy. Emphasis is typically given to any prejudice that dismissal might cause the estate's creditors. Finally, a debtor's ability to pay debts outside of bankruptcy is not sufficient cause, by itself, to dismiss.[21]

Additional factors that a court may consider include whether all of the creditors have consented and whether an objection to discharge, an objection to exemptions, or a preference claim is pending.[22]

The Debtor bears the burden to show that dismissal is justified.[23] Courts have also held that "[d]ebtors bear the burden of proving that dismissal would not prejudice their creditors."[24]

*B. Debtor Has Not Shown Cause to Dismiss Her Case*

Here, the Court finds that the factors weigh in favor of denying the Motion to Dismiss. First, the Debtor has not shown sufficient cause to dismiss her case. As in her Motion to Convert, the Debtor argues that her Motion to Dismiss will result in cost savings: By dismissing her case, she can save the costs of litigation that would be incurred in prosecuting the associated adversary proceedings filed by the Trustee, HAGE, and Mr. Abbaszadeh.

But cost savings would not be the only benefit that would redound to the Debtor by the dismissal of her case. She would also be relieved of having to defend against the substance of the litigation—in particular the denial of discharge complaints the Trustee, HAGE, and Mr. Abbaszadeh

---

[21] *Isho*, 2013 WL 1386208, at *3 (footnotes omitted).

[22] *Turpen v. Eide (In re Turpen)*, 244 B.R. 431, 434 (B.A.P. 8th Cir. 2000).

[23] *Watkins*, 229 B.R. at 908 (citing *In re Baumgarten*, 154 B.R. 66 (Bankr. S.D. Ohio 1993). *See also Sicherman v. Cohara (In re Cohara)*, 324 B.R. 24, 27 (B.A.P. 6th Cir. 2005) ("As the movant, the Debtor has the burden of showing cause for dismissal.").

[24] *In re Bartee*, 317 B.R. 362, 366 (B.A.P. 9th Cir. 2004) (citing *In re Stephenson*, 262 B.R. 871, 874 (Bankr. W.D. Okla. 2001)).

have filed. However, "[b]enefits to be derived by the debtor from . . . dismissal do not constitute . . . cause" under § 707(a).[25]

The Debtor also argues that her undisputed Schedule F claims will be paid by her sister, Anahita Akbarian, from funds collected by her.[26] Even if the Debtor were proposing to pay all claims outside of bankruptcy, "[i]t is well established and supported by Legislative History that the fact that a debtor is willing and able to pay [her] debts outside of bankruptcy does not constitute adequate cause for dismissal under section 707(a)."[27]

In addition, the Debtor's proposal to have her sister pay the Debtor's undisputed Schedule F claims raises other concerns. First, paying unsecured nonpriority claims outside of bankruptcy could reorder the payment priority that bankruptcy law establishes, and the Court is persuaded that dismissal would reorder the distribution priorities that are provided in the Code under § 507. Second, removing the Code's priority framework could also potentially result in a haphazard distribution where certain creditors receive the Debtor's largesse while others are not so fortunate. Included in the latter group are HAGE and the Trustee's administrative claim. These concerns persuade the Court that the Debtor's assets should remain under the watchful gaze of the Trustee's "jaundiced eye" and "scowling mien."[28]

---

[25] *Watkins*, 229 B.R. at 909.

[26] Docket No. 181, Debtor's Motion for Order Dismissing Chapter 7 Bankruptcy Case; and Order Disposing of All Associated Adversary Proceedings, ¶ 1.

[27] *Kirby v. Spatz (In re Spatz)*, 221 B.R. 992, 994 (Bankr. M.D. Fla. 1998) (citations omitted).

[28] *Interwest Bus. Equip., Inc. v. U.S. Trustee (In re Interwest Bus. Equip., Inc.)*, 23 F.3d 311, 317 (10th Cir. 1994).

8

Furthermore, the Court finds that additional prejudice would result to creditors if the Debtor's Motion to Dismiss were granted. Dismissal of a bankruptcy case permits creditors to return to state court to litigate their claims. In some cases creditors will not be prejudiced by having to return to state court, but prejudice may occur "if the motion to dismiss is brought after the passage of a considerable amount of time and [creditors] have been forestalled from collecting the amounts owed to them."[29] In *Turpen*, the Eighth Circuit BAP determined that creditors had been prejudiced where the automatic stay prevented them from collecting on their debts for more than two years.[30]

At the time of the October 23, 2013 hearing, the Debtor's bankruptcy case had been pending for twenty months, which is a considerable amount of time. Creditors have been delayed in their efforts by the Debtor's bankruptcy, and certain creditors, particularly HAGE and Mr. Abbaszadeh, have expended a great deal of time and money litigating in this Court. Dismissing the Debtor's case would prejudice them by rendering their outlays for naught.

In addition, HAGE and Mr. Abbaszadeh raised the concern that if they were forced to return to state court and obtained a judgment there against the Debtor, there would likely be no assets available to satisfy that judgment. By contrast, if the Debtor's Motion to Dismiss were denied and the Debtor remained in bankruptcy, the Trustee could pursue his action to avoid Jalal Mirrafie's trust deed on the Debtor's house. If the Trustee were successful, this would have the potential to produce a significant return to all creditors, including HAGE and Mr. Abbaszadeh. Therefore, the Court finds that HAGE and Mr. Abbaszadeh would suffer additional prejudice if the case were dismissed because they would be denied the possibility of a return through the Trustee's action to avoid Mr. Mirrafie's trust deed.

---

[29] *In re Schwartz*, 58 B.R. 923, 925 (Bankr. S.D.N.Y. 1986).

[30] *Turpen v. Eide (In re Turpen)*, 244 B.R. 431, 435 (B.A.P. 8th Cir. 2000).

One reason this Court articulated for denying the Debtor's Motion to Convert was that there were concerns about the Debtor's bankruptcy schedules and transfers of property. These concerns prompted the Trustee, HAGE, and Mr. Abbaszadeh to file adversary proceedings objecting to the Debtor's discharge, and prompted the Trustee to file avoidance actions, which are still pending. In denying the Motion to Convert, the Court did not make a finding on the truthfulness of the allegations in the adversary complaints, but the Court considered the existence of the adversary proceedings as one factor in determining that the Debtor should remain in Chapter 7. In the present context, the pending adversary proceedings again constitute a factor that weighs in favor of denying the Motion to Dismiss. The issues that surround the Debtor's schedules and transfers of property lead the Court to the conclusion that the best interests of creditors would be better served if the Debtor remained in Chapter 7 where the Trustee can administer the estate and provide for an orderly distribution to creditors.

The dismissal would also extinguish the work the Trustee has done so far in this case and the related adversary proceedings. In pursuing the adversary proceedings against the Debtor, the Trustee has acted in accordance with his duties under § 704, and the Court does not find that the Trustee has acted in bad faith in the execution of those duties. In the case of *In re Klein*, the court denied the debtor's motion to dismiss his Chapter 7 case in part because dismissal would waste the trustee's efforts: "The trustee as representative of the estate, has expended time and effort in examining into the affairs of the debtor and in uncovering potential assets of the estate. A dismissal would render such efforts wasted."[31] The Court finds that the Trustee should not be prejudiced by carrying out his statutory responsibilities and then having the case dismissed.

---

[31] *In re Klein*, 39 B.R. 530, 533 (Bankr. E.D.N.Y. 1984) (internal citations omitted).

At the hearing on October 23, 2013, the parties advanced competing policy arguments about what type of message the Court would be sending if it granted or denied the Motion to Dismiss. On the one hand, the Debtor argued that denial of her Motion to Dismiss would create the impression that Chapter 7 is like a debtor's prison. In this regard, the Debtor questioned whether Chapter 7 cases were truly voluntary. On the other hand, the Trustee and HAGE argued that granting the Motion to Dismiss would perhaps cause abuse of the system by sending a signal that debtors may leave Chapter 7 when they find they do not like the consequences.

Under the Debtor's interpretation, Chapter 7 would be like the Hotel California, a place "you can never leave."[32] But whether Chapter 7 is compared to a prison or the Hotel California, the essence of the comparison is the same: the Debtor argues that once a debtor enters Chapter 7, that person is unable to exit.

It is easier to enter Chapter 7 than to exit it. But that fact alone does not make Chapter 7 a prison. "[W]hile a debtor may voluntarily choose to place [herself] in bankruptcy, [she] does not enjoy the same discretion to withdraw [her] case once it has been commenced."[33] Courts have developed a balancing test whereby a debtor can dismiss her Chapter 7 case, which the Court believes it has followed in this case. The Debtor, however, has not met this test. Indeed, the Court can envision situations where there are no objections and a more precise method of distribution without contingencies, which if shown, could allow dismissal. Such is not here.

---

[32] EAGLES, *Hotel California*, *on* HOTEL CALIFORNIA (Asylum Records 1976).

[33] *Klein*, 39 B.R. at 532 (citing *In re Blackmon*, 3 B.R. 167 (Bankr. S.D. Ohio 1980)).

## IV. CONCLUSION

Therefore, the Court concludes that the Debtor has not shown cause to dismiss her case. Unless all parties consent or there is a more precise mechanism to satisfy all creditors than shown here, the Debtor should not be permitted to exit her Chapter 7 case when that exit would cause prejudice to creditors. Here, the Court has determined that prejudice to creditors would occur, and the Trustee, HAGE, and Mr. Abbaszadeh have expressed their opposition to the Debtor's Motion to Dismiss. Weighing the factors elucidated by the Tenth Circuit BAP in *Isho,* as well as factors relied upon by the other persuasive opinions mentioned previously, the Court finds that the factors weigh against dismissing the Debtor's case. Therefore, the Debtor's Motion to Dismiss should be denied. In addition, HAGE's and Mr. Abbaszadeh's request for sanctions should be denied.

A separate Order will be issued in accordance with this Memorandum Decision.

_____END OF DOCUMENT_____

_____ooo0ooo_____
**SERVICE LIST**

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party on the official mailing matrix.