**The below described is SIGNED.**

**Dated: February 4, 2014**



**WILLIAM T. THURMAN
U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**MAHROKH AKBARIAN,**<br><br>Debtor. | Bankruptcy No. 12-21670<br><br>Chapter 7<br><br>**Chief Judge William T. Thurman** |

**MEMORANDUM DECISION**

The matter before the Court is the Notice of Waiver of Discharge and Request for Dismissal of Consolidated Adversary Proceedings 12-02217 and 12-02218 (the "Waiver of Discharge") filed by Mahrokh Akbarian (the "Debtor"). On its own motion, the Court ordered a hearing on the Waiver of Discharge and ordered that the Debtor and any party objecting to the relief sought by the Debtor appear at the hearing. Duane Gillman, the Chapter 7 Trustee (the "Trustee"), objected to the Waiver of Discharge, and H.A.G.E., LLC ("HAGE") and Maghsood Abbaszadeh, creditors in the Debtor's bankruptcy case, also objected.

The Court conducted a hearing on the Debtor's Waiver of Discharge on February 3, 2014, at which hearing George Hofmann and Victor P. Copeland appeared on behalf of the Debtor, Kenneth L. Cannon II appeared on behalf of the Trustee, who was also present, Michael R. Johnson

appeared on behalf of HAGE, Sean N. Egan appeared on behalf of Mr. Abbaszadeh, and Vincent Cameron appeared on behalf of the Office of the United States Trustee. The Court heard argument from counsel, received the Debtor's proffered testimony, and then took the matter under advisement.

After carefully considering the evidence properly before it, the parties' briefs and memoranda, statutory authority, and case law, and after conducting its own independent research of applicable law, the Court hereby issues the following Memorandum Decision, which constitutes the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, made applicable to this matter by Federal Rules of Bankruptcy Procedure 9014 and 7052.

## I. JURISDICTION, VENUE, AND NOTICE

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J). Venue is appropriately laid in this District under 28 U.S.C. § 1409, and notice of the hearing on the Debtor's Waiver of Discharge was properly given in all respects.

## II. BACKGROUND AND FINDINGS OF FACT

The Debtor filed this case under Chapter 7 on February 16, 2012. A few months later on May 21, 2012, the Trustee filed adversary proceeding 12-2217, which sought to deny the Debtor's discharge and alleged causes of action under 11 U.S.C. § 727(a)(2), (a)(3), (a)(4), and (a)(5).[1] The same day, HAGE and Mr. Abbaszadeh filed adversary proceeding 12-2218, which also sought to deny the Debtor's discharge and alleged causes of action under § 727(a)(2) and (a)(4) and included a prayer for attorney's fees and costs of suit. Those two adversary proceedings were subsequently

---

[1] All subsequent statutory references are to title 11 of the United States Code unless otherwise indicated.

2

consolidated by order entered on October 24, 2013 (the "Consolidated § 727 Actions").[2] At present, there is an attorneys' conference scheduled for April 23, 2014, and a final pretrial conference scheduled for May 21, 2014.[3]

On February 28, 2013, the Debtor filed her Motion for Order Converting Her Chapter 7 Case to One Under Chapter 11 (the "Motion to Convert").[4] The Trustee, HAGE, and Mr. Abbaszadeh objected to the Motion to Convert, and the matter was set for trial. The Court conducted a three-day trial on the Motion to Convert, and on August 23, 2013 issued its ruling from the bench denying the Debtor's request to convert her case to one under Chapter 11. On September 20, 2013, the Court entered its Order Denying Debtor's Motion to Convert Case from Chapter 7 to Chapter 11.[5]

On September 19, 2013, the Debtor moved to dismiss her case and requested that the Court dispose of all adversary proceedings associated with the main bankruptcy case.[6] The Court delivered an oral ruling on October 23, 2013 denying the motion to dismiss, which was memorialized in a memorandum decision and order entered on December 19, 2013.[7] The Debtor was represented in the main bankruptcy case by Paul Toscano through November 26, 2013, when the Court entered its order

---

[2] Docket No. 31 in Adv. No. 12-2217, Order Consolidating Adversary Proceedings. All subsequent references to docket numbers are to the above-captioned main bankruptcy case unless otherwise noted.

[3] Docket No. 37 in Adv. No. 12-2217, Order Modifying Scheduling Orders in Consolidated Adversary Proceedings, ¶ 1(e), (g).

[4] Docket No. 48.

[5] Docket No. 183.

[6] Docket No. 181, Debtor's Motion for Order Dismissing Chapter 7 Bankruptcy Case; and Order Disposing of All Associated Adversary Proceedings.

[7] Docket Nos. 219 and 220.

granting Mr. Toscano's Motion for Withdrawal of Counsel.[8]

The Debtor filed the present Waiver of Discharge on January 3, 2014, which states: "Debtor acting as her own attorney hereby files this Waiver of Discharge and a Request for Dismissal of Consolidated Adversary Proceedings 12-02217 and 12-02218."[9] While the Debtor was *pro se* at that time, she is now represented by counsel. The Trustee filed an objection to the Waiver of Discharge, and HAGE and Mr. Abbaszadeh filed a joinder in the Trustee's objection in adversary proceeding 12-2217. Through counsel, the Debtor filed a reply to the Trustee's objection.

### III.   DISCUSSION

*A. Waiver Under 11 U.S.C. § 727(a)(10)*

Section 727(a)(10) states: "The court shall grant the debtor a discharge, unless . . . the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter." Courts have read the plain language of this section to impose four requirements, namely that a waiver must be: (1) in writing, (2) signed by the debtor, (3) filed post-petition, and (4) approved by the court.[10] In addition to determining whether these statutory requirements have been met, courts must also discern whether the debtor seeking a waiver of discharge is doing so knowingly, voluntarily, and with awareness of what consequences come from waiving a discharge in bankruptcy.[11]

---

[8] Docket No. 210.

[9] Docket No. 228.

[10] *In re Ferri*, No. 13-08-12399 JA, 2011 WL 3962117, at *2 (Bankr. D.N.M. Sept. 7, 2011) (citations omitted). *See also In re Eliscu*, 163 B.R. 335, 340 (Bankr. N.D. Ill. 1994) (combining the signature and post-petition filing requirements).

[11] *E.g., Ferri*, 2011 WL 3962117, at *2 (citing *Eliscu*, 163 B.R. at 340); *Eliscu*, 163 B.R. at 340 (citing *Johnson v. Laing (In re Laing)*, 146 B.R. 482, 483 (Bankr. N.D. Okla. 1992), *aff'd*,

4

While these requirements are clear, there is a split of authority regarding whether a court should take the interests of creditors and other parties in interest into account when deciding whether to approve a waiver of discharge.[12] In addition, some courts have considered the debtor's motivation as a factor in deciding whether to approve a waiver.[13]

As in the *Ferri* case, however, this Court does not need to decide whether creditors and other parties in interest can have a say regarding a debtor's waiver of discharge because the Trustee, HAGE, and Mr. Abbaszadeh have not raised concerns sufficient to deny approval of the Debtor's Waiver of Discharge. Even if they had done so, however, including other parties' objections in the Court's analysis of whether to approve a waiver of discharge appears to rewrite the statute. The Court is persuaded that Justice Scalia's approach to statutory interpretation, which looks at the clear meaning of the statutory text, is correct in this case.[14]

Here, the absence of statutory language that would suggest creditors and other parties in interest may object to a waiver of discharge is significant. First, Congress did not condition a debtor's waiver of discharge on whether it is in the best interests of creditors and the estate. Congress

---

Nos. 92–00612–C, 93–0056–C, 92–C–997–B, 1993 WL 732230 (N.D. Okla. Oct. 25, 1993), *aff'd*, 31 F.3d 1050 (10th Cir. 1994)).

[12] *Ferri*, 2011 WL 3962117, at *2.

[13] *In re Martin*, 211 B.R. 23, 25 (Bankr. E.D. Ark. 1997). While the *Martin* court found that the debtor was using § 727(a)(10) to thwart creditors, the court also held that "the debtor's motives alone do not require disapproval of the waiver." *Id*.

[14] *See, e.g., Carr v. United States*, 560 U.S. 438, 458 (2010) ("[O]nly the text Congress voted on . . . is an authoritative indicator of the law.") (Scalia, J., concurring). In the same case, Justice Scalia cited with approval *Connecticut National Bank v. Germain*, 503 U.S. 249, 253–54 (1992) for the proposition that "courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Id*. at 458–59. *See also* Ralph A. Rossum, *The Textualist Jurisprudence of Justice Scalia*, 28 PERSP. ON POL. SCI. 5 (1999).

clearly knew how to create such a condition because it is present in other portions of the Bankruptcy Code.[15] Second, in the case of *Asbury v. Alliant Bank*, Judge Kressel, who was the Chief Judge of the Eighth Circuit BAP at the time, authored a dissenting opinion in which he argued that the interests of creditors should not be taken into account when considering a waiver of discharge.[16] In particular, Judge Kressel noted that § 727(a)(10) does not require a notice and a hearing, and concluded that that omission was intentional and indicated that Congress "did not intend that creditors or parties in interest, other than the debtor, have a role in the court's determination of whether or not to approve the waiver."[17] The Court is persuaded by this logic.

Therefore, the Court concludes that the Debtor has filed a written and signed waiver of discharge after the order for relief. The Court also concludes, after considering the Debtor's proffered testimony, that her Waiver of Discharge is voluntary, knowing, informed, and, through the assistance of counsel, is made with awareness of the consequences of foregoing a discharge in bankruptcy. To the extent that creditors and other parties in interest objected to the Debtor's Waiver of Discharge, the Court overrules those objections. Therefore, the Court approves the Debtor's Waiver of Discharge.

The remaining question is the fate of the Consolidated § 727 Actions. The Debtor argues that, with approval of her waiver, the objection to discharge proceedings become moot, and they should be dismissed with prejudice. The Trustee argues in his objection that the Consolidated § 727 Actions

---

[15] *See* § 1307(c) ("[T]he court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, *whichever is in the best interests of creditors and the estate* . . . .") (emphasis added).

[16] *Asbury v. Alliant Bank (In re Asbury)*, 423 B.R. 525, 529–30 (B.A.P. 8th Cir. 2010) (Kressel, C.J., dissenting).

[17] *Id.* at 530.

6

should not be dismissed, but should continue to go forward.[18] HAGE and Mr. Abbaszadeh join in the Trustee's argument, but they also advocate a second, alternative position. They assert that the Court should treat the Debtor's Waiver of Discharge as a request to withdraw her answers in the Consolidated § 727 Actions and permit default judgments to be entered against her, granting the relief requested by HAGE and Mr. Abbaszadeh, as well as the relief requested by the Trustee.

The case law supports the Debtor's position. In *Eliscu*, the court found that two adversary complaints that alleged causes of action under § 523 and § 727 "were rendered moot by the Debtor's voluntary waiver of discharge."[19] The Court is persuaded by the reasoning of *Jacobsen v. Sramek*, where the District Court for the Eastern District of Texas affirmed the bankruptcy court's conclusion that a debtor's waiver of discharge mooted a creditor's objections to discharge and dischargeability.[20] The court reached a similar conclusion in the case of *Humphrey v. Morgan*.[21]

## IV. CONCLUSION

The Court concludes that the Debtor's Waiver of Discharge satisfies the statutory requirements of § 727(a)(10), and the Court is satisfied that the Waiver of Discharge is voluntary, knowing, informed, and made with awareness of the consequences of foregoing a discharge in bankruptcy.

---

[18] At the hearing, the Trustee conceded that if the Waiver of Discharge were approved, the Consolidated § 727 Actions would become moot.

[19] *In re Eliscu*, 163 B.R. 335, 338 (Bankr. N.D. Ill. 1994).

[20] *Jacobsen v. Sramek*, No. 4-11-cv-822, 2013 WL 694045, at *4 (E.D. Tex. Feb. 26, 2013).

[21] *Humphrey v. Morgan (In re Morgan)*, No. 11-15547, Adv. No. 12-1006, 2012 WL 1390246, at *1, 4 (Bankr. E.D. Tenn. Apr. 20, 2012).

The Waiver of Discharge is hereby approved and adversary proceedings 12-2217 and 12-2218, which seek denial of the Debtor's discharge, are thereby rendered moot. Therefore, they should be dismissed and closed. The Court declines to treat the Waiver of Discharge as the Debtor's request to withdraw her answers in the Consolidated § 727 Actions and will not enter a default judgment against the Debtor.

A separate Order will be issued in accordance with this Memorandum Decision.

_____END OF DOCUMENT_____

_____ooo0ooo_____
**SERVICE LIST**

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party on the official mailing matrix.